IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2006 JAN 25 P 2: 09

| | |
|---|---|
| Samuel Hugh RUSSELL, § | |
| Plaintiff, § | |
| § | SA06CA0077 |
| v. § | No._____ |
| § | |
| § | |
| CITY OF UVALDE, Texas, City § | |
| Manager John HARRELL, in his Official § | |
| and Individual Capacities, § | |
| Defendants. § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

SAMUEL HUGH RUSSELL, Plaintiff, files Plaintiff's Original Complaint, complaining of Defendants, the CITY OF UVALDE, TEXAS and City Manager JOHN HARRELL, in his official and individual capacities, for violating his civil rights under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983. In support of his Original Complaint, Plaintiff hereby alleges and states as follows:

### I. INTRODUCTION

1. This action seeks equitable, declaratory, and injunctive relief, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of the court, and pre-judgment and post-judgment interest for violations of procedural and substantive due process suffered by Plaintiff in the course of and in connection with the termination of his employment with the Defendant City of Uvalde. Plaintiff, former Chief of Police of the City of Uvalde, complains he was wrongfully terminated from the City of Uvalde Police Department in violation of Sections 5-8(G), 7-4(A), and 7-7(A) of the Uvalde City Employees Handbook of Policies and Procedures. Section 5-8(G) provides, "[a]ll City employees will be allowed to receive a pre-termination



hearing prior to termination." Section 5-8(G), Uvalde City Employees Handbook of Policies and Procedures. Section 7-4(A) provides the following:

> Supervisors, or the appropriate level of departmental authority, will, when practical, with the approval of the Personnel Director, notify an employee in writing of:
> 1. The reason(s) for any disciplinary action proposed to be taken against the employee;
> 2. The type of action being proposed, i.e. suspension, dismissal, etc.;
> 3. The rule(s) or regulation(s) allegedly violated if any i.e., Personnel Policy Section 7-7B9;
> 4. The employee's right to appeal the department head's decision within ten working days, to the City Manager, and
> 5. The finality of the Department Head's decision if not appealed.

Section 7-4, Uvalde City Employees Handbook of Polices and Procedures. Section 7-7(A) provides the following:

> A regular full-time employee shall be given a 10 working days [sic] written notice before dismissal if the facts of the case allow this transition period to be extended. All reasons for dismissal shall be explained to the employee. A terminated employee may appeal the dismissal to the City Manager.

Section 7-7(A), Uvalde City Employees Handbook of Policies and Procedures. The City of Uvalde has not changed or altered the terms of Sections 5-8(G), 7-4(A), or 7-7(A) at any time during Plaintiff's employment as Chief of Police of the City of Uvalde Police Department.

2. Plaintiff's cause of action arises under 42 U.S.C. § 1983 based on violations of the Due Process Clause of Article XIV of the U.S. Constitution.

## II. PARTIES

3. Plaintiff Samuel Hugh Russell is the former Chief of Police for the City of Uvalde. His employment was approved by the City Council during its regular meeting on

2

February 13, 2001, and he took office on March 1, 2001. Plaintiff was terminated as Chief of Police for the City of Uvalde on July 22, 2004. He is a resident of Uvalde, Texas.

4. Defendant City of Uvalde is a municipality in the State of Texas. The City of Uvalde employed Plaintiff. The City of Uvalde is the employer of Defendant John Harrell. The City of Uvalde has a City Manager form of government and is ultimately responsible for the operation of its municipal government pursuant to Article 1175, Texas Revised Statutes and, pursuant to 42 U.S.C. § 1983, is responsible for municipal customs, policies, procedures and practices which violate Plaintiff's constitutional rights.

5. Defendant John Harrell is the City Manager of the City of Uvalde.

### III. JURISDICTION AND VENUE

6. Jurisdiction of this civil action is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This civil action is authorized under the Reconstruction Era Civil Rights Acts codified at 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

7. The Court has personal jurisdiction over the Defendant City of Uvalde because the acts which plaintiff complains of occurred within the State of Texas and the Defendant City of Uvalde has its principal place of business in Texas and consequently has minimum contacts within the State of Texas.

8. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b) because it is the judicial district within which all parties reside and a substantial part of the events or omissions giving rise to the cause of action occurred in the Western District of Texas.

9. Declaratory, equitable, and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1983.

11. Costs and attorney's fees may be awarded pursuant to FED. R. CIV. P. 54 and 42 U.S.C. § 1988.

## IV. FACTS

12. On or about April 20, 2001, Plaintiff Samuel Hugh Russell received an employment memorandum from the City of Uvalde informing him his employment as Chief of Police for the City of Uvalde had been approved on February 13, 2001 by the City Council at its regular meeting. This memorandum stated his employment was to commence March 1, 2001 and be followed by a six month evaluation period. During Plaintiff's employment as Chief of Police with the City of Uvalde he was able to acquire seven grants, purchase much needed equipment for officers such as less than lethal weapons, a speed trailer, radios and surveillance equipment and a narcotics K-9. Plaintiff was able to obtain more training for departmental officers such as weapons training and emergency management training to improve the department. He was also able to work on several community projects such as the DARE and PAL programs, National Night Out, and Neighborhood Watch to enhance the quality of life for the citizens of the City of Uvalde.

13. At all times relevant to this action, the performance of Plaintiff Samuel Hugh Russell has been outstanding, and at no time during his employment was a performance review of the Plaintiff conducted or a written reprimand given.

14. On or about June 21, 2004, approximately two years and eleven months after Plaintiff's six month evaluation period had ended, Plaintiff received a Memorandum from Defendant City Manager Harrell entitled "Job Performance" that requested a meeting with Plaintiff which "may lead to [his] job termination."

15. On or about July 16, 2004, Plaintiff and Defendant met to discuss plaintiff's "job performance," and Plaintiff was told by City Manager Harrell the city needed new vision, direction, and leadership. An agreement was made to meet again on July 22, 2004 so Defendant City Manager Harrell could "inform [Plaintiff] of [his] decision" regarding Plaintiff's employment as Chief of Police.

16. On July 22, 2004 Plaintiff received a Memorandum from Defendant City Manager Harrell informing him that his employment as Chief of Police with the City of Uvalde had been terminated.

17. On August 3, 2004, Plaintiff appealed his termination to Defendant City Manger Harrell in a written letter.

18. On August 9, 2004, Plaintiff received a one sentence letter from Defendant City Manager Harrell which denied Plaintiff an opportunity to appeal Defendant's termination decision.

19. As a direct and proximate result of his discharge, Plaintiff Samuel Hugh Russell has suffered irreparable harm and loss of professional stature, emotional distress, mental anguish, humiliation, and depression.

20. Plaintiff has and continues to engage in a diligent effort to secure comparable employment and has been unable to secure such employment.

V. CAUSE OF ACTION VIOLATION OF 42 U.S.C. § 1983

21. Each and every allegation in the foregoing paragraphs are realleged as if fully rewritten herein.

22. Plaintiff Samuel Hugh Russell was entitled to but was denied an opportunity to contest his termination. By failing to offer him these rights, Defendants City of Uvalde

and City Manager John Harrell denied Plaintiff due process of law and violated the due process clause of the Fourteenth Amendment to the United States Constitution and engaging in a conspiracy to that end, Defendants have violated 42 U.S.C. § 1983.

## VI. ATTORNEY'S FEES

23. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

24. Plaintiff Samuel Hugh Russell is entitled to recover attorney's fees and costs for bringing this action pursuant to 42 U.S.C. § 1988.

## VII. JURY DEMAND

25. Plaintiff requests a trial by jury on issues triable by a jury in this case.

## VIII. PRAYER FOR RELIEF

26. WHEREFORE, Plaintiff Samuel Hugh Russell prays that this Court:

a. declare Defendant's conduct to be in violation of Plaintiff's rights;

b. enjoin Defendant from engaging in such conduct;

c. reinstate Plaintiff to the position of Chief of Police of the City of Uvalde;

d. award for actual and liquidated damages for the period of time provided by law, including appropriate back pay and reimbursement for lost pension, insurance, and all other benefits;

e. for compensatory damages and punitive damages as allowed by law;

f. for attorney's fees;

g. for expert witness fess incurred by Plaintiff in the preparation and prosecution of this action;

h. for pre-judgment and post-judgment interest as allowed by law;

i. for costs of court, costs of prosecuting Plaintiff's claim, and

j. grant such other relief as it may deem just and proper.

                                         Respectfully submitted,

                                         LAW OFFICES OF
                                         RUSSELL AMSBERRY

                                         Russell J.G. Amsberry
                                         115 East Travis, Suite 1108
                                         San Antonio, Texas 78205
                                         Telephone: (210) 354-2244
                                         Telecopier: (210) 354-2227
                                         State Bar No. 00790228

                                         ATTORNEY FOR PLAINTIFF